**Issam Abdallah HASAN, Petitioner,**

v.

**John ASHCROFT, Attorney**

General,* Respondent.

No. 02–73781.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.**

Decided Oct. 22, 2004.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Issam Abdallah Hasan, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Hasan challenges the IJ's adverse credibility determination. The IJ identified specific, cogent reasons for questioning Hasan's credibility, including discrepancies between Hasan's asylum application and testimony relating to the source and extent of Hasan's persecution and fear of future persecution. Because these discrepancies go to the heart of Hasan's asylum claim, the IJ's adverse credibility determination is supported by substantial evidence. *See Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003).

By failing to qualify for asylum, Hasan necessarily fails to satisfy the more stringent standard for withholding of removal. *Id.* at 993.

Because Hasan failed to exhaust his administrative remedies as to any claim under the Convention Against Torture, we dismiss the petition with regard to that claim. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that this Court lacks jurisdiction to review a legal claim not presented in administrative proceedings below).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request

for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.